**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1883**

---

JOSEPH MICHAEL TORDA, by and through his guardians, Susan Capuano Torda and Thomas Torda; SUSAN CAPUANO TORDA, mother of Joseph Michael Torda,

        Plaintiffs – Appellants,

    v.

FAIRFAX COUNTY SCHOOL BOARD,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:11-cv-00193-GBL-TRJ)

---

Submitted: March 18, 2013        Decided: April 4, 2013

---

Before NIEMEYER, GREGORY, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph Michael Torda, Susan Capuano Torda, Appellants Pro Se. Patricia A. Minson, John Francis Cafferky, BLANKINGSHIP & KEITH, PC, Fairfax, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Susan Capuano Torda and her son, Joseph Michael Torda, appeal the district court's order denying their motion for judgment on the record and entering judgment in favor of the Fairfax County School Board on the Tordas' civil action, which challenged the decision of a due process hearing officer on claims arising under the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. §§ 1400-1482 (2006).

We have reviewed the record and find no reversible error. See M.S. ex rel. Simchick v. Fairfax Cnty. Sch. Bd., 553 F.3d 315, 323 (4th Cir. 2009) (stating standard of review). In particular, we agree with the district court that the Tordas are barred from challenging the Board's eligibility determinations by virtue of the pertinent statute of limitations as well as by their own conduct, see 20 U.S.C. § 1415(b)(6)(B) (2006); Patricia P. v. Bd. of Educ. of Oak Park, 203 F.3d 462, 469 (7th Cir. 2000), and we conclude, in light of the conflicting evidence, that the district court did not clearly err in finding that Joseph does not possess a specific auditory processing disorder that is not secondary to his cognitive challenges. See MM ex rel. D.M. v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 538 (4th Cir. 2002). Likewise, we see no reason to disturb the district court's conclusion that Joseph received a free appropriate public education during the pertinent time period.

See Bd. of Educ. v. Rowley, 458 U.S. 176, 202 (1982); Sumter Cnty. Sch. Dist. 17 v. Heffernan ex rel. TH, 642 F.3d 478, 483 (4th Cir. 2011); Hall v. Vance Cnty. Bd. of Educ., 774 F.2d 629, 636 (4th Cir. 1985). Accordingly, we affirm the judgment of the district court.

Finally, we grant each of the Board's pending motions except for its motion to strike the Tordas' informal reply brief, which we deny. We deny each of the Tordas' pending motions except for their motion for leave to file an informal reply brief exceeding the length limitations, which we grant. See Fed. R. App. P. 10(a); United States v. Husein, 478 F.3d 318, 335-36 (6th Cir. 2007) (holding that Fed. R. App. P. 10(e)(2) allows for modification of record, but not introduction of new evidence in appellate court). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED